

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

> Opinion No. O-4822
> Re: Does the phrase "actual cash
> receipt of each executor,
> administrator or guardian,
> upon approval of the exhibits
> and the final settlement of
> the account" include cash on
> hand at the time of death of
> the testator or intestate as
> shown in such account?

Your letter of recent date requesting the opinion of this department on the above stated question reads as follows:

"I would like to have an opinion on a question involving the following portion of Art. 3926, Revised Civil Statutes:

"'1. A commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian.'

"The question is:

"Does the phrase 'actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account', include cash on hand at time of death of testator or intestate as shown in such account?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The only decision closely related to this question is Willis vs. Harvey (Civ. App.) 26 S.W. (2d) page 288. Here the court had under consideration a case of an Independent Executor, and not an administrator, guardian or executor with will annexed, the court admitting 'this specific case presented here on appeal may not be regarded as in its (Art. 3926) scope.'

"Your opinion No. O-811 would award to the County Judge the commission of one-half of one per cent upon all cash received by an executor including money borrowed by the executor to pay claims against the estate. From this decision it is obvious that the question does not depend on whether the cash was earned or is the corpus of the estate. If money borrowed is money received by the executor, then surely cash on hand turned over to the executor at the beginning of the accounting period is also money received."

We note that you say, "Your opinion No. O-811 would award to the County Judge the commission of one-half of one per cent upon all cash received by an executor including money borrowed by the executor to pay claims against the estate. From this decision it is obvious that the question does not depend on whether the cash was earned or is the corpus of the estate. If money borrowed is money received by the executor, then surely cash on hand turned over to the executor at the beginning of the accounting period is also money received."

Apparently you have misconstrued our opinion No. O-811 where on page 4 of said opinion it is expressly stated:

". . . it is established that the term 'receipt' as used in the statute does not embrace cash on deposit in banks at the time of the death of the testator. Tex. Jur. Vol. 25, page 260; Goodwin vs. Downs, 280 S.W. 512; Willis vs. Harvey, 26 S.W. (2d) 288."

In the case of Willis v. Harvey, supra, it is true that the court had under consideration a case of an independent executor. However, the court expressly stated in part, "An independent executor is not included within the term executor, as implied in the article, and the term receipt therein used does not embrace cash on deposit in the bank at the death of the testator. . . ."

The court further stated in this case, "It is thought the term 'actual cash receipts' should be held to specifically describe monies received by the executor other than cash or profits of the estate which was on hand when the testator died, because the words used point to and imply that meaning."

In view of the foregoing, the above stated question is respectfully answered in the negative.

We also direct your attention to our opinion No. O-4447, wherein it was held that the County Judge of Kleberg County was not entitled to a commission as provided by Article 3926, Vernon's Annotated Civil Statutes, under the given facts. We enclose a copy of opinion No. O-4447 for your convenience. Apparently you have a copy of our opinion No. O-811 and we do not enclose a copy of the same.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED NOV 6, 1942

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

AW:ALM

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN